FILED
NOV 23 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11CR3249 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| MARIO CHAVEZ TELLO, | |
| Defendant. | |

HAYES, Judge:

The matters pending before the Court are: 1) the motion to dismiss the indictment for a violation of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment (ECF No. 11-1) and to issue a writ of prohibition (ECF No. 11-2); and the motion to dismiss the indictment due to an invalid deportation (ECF No. 16-1) and to suppress statements (ECF No. 16-2) filed by the Defendant Mario Chavez Tello

**FACTUAL BACKGROUND**

On January 24, 2002, San Diego Sheriff's Officers arrived at the apartment complex where Defendant was living, looking for a suspect. Defendant was washing a car. After officers arrested one person, the officers approached the Defendant and asked for identification. Defendant told the officers that his identification was in his apartment. Defendant was arrested and taken to jail. Defendant was not charged with a state crime but was transferred to immigration detention. Immigration proceedings were commenced.

On January 24, 2002, a Notice to Appear was issued charging that the Defendant was subject to removal on the grounds that he is "an alien present in the United States without

being admitted or paroled." (ECF No. 16 at 35).

On March 27, 2002, an immigration hearing was held. At the hearing, the Defendant[1] told the Immigration Judge that he believed his arrest was unfair because he was not doing anything wrong. The Immigration Judge told the Defendant that he was at the hearing because he had no papers to be in the country. Defendant requested that his bond be lowered. The Immigration Judge asked the Defendant if he wanted a continuance to see a lawyer. Defendant responded "No Sir." (ECF No. 16 at 25). Defendant admitted that he was not a citizen of the United States, that he was a citizen of Mexico, and that he was not afraid to return to Mexico. Defendant admitted that he crossed the border illegally into the United States on August 4, 2001 without being admitted, authorized, or inspected by an immigration officer. *Id.* at 27. The Immigration Judge asked whether the Government had any opposition to relief. Counsel for the Government responded "Yes sir. He has been returned five times voluntarily to Mexico." *Id.* The Immigration Judge then asked the Defendant whether it was true that he was returned five times and questioned the Defendant regarding his ties to the United States. Defendant explained that his motivation to enter the United States was to make money to support his family and asked again to have his bond lowered. The Immigration Judge stated: "If you think that you need more time to present your case and present all these arguments you're giving me about why you should be allowed to come to the United States to work to support your family, I will postpone your case. I give you another week. Do you want me to postpone your case another week?" *Id.* at 31. Defendant responded "No, Your Honor. Thank you." *Id.* at 32. The Immigration Judge found the Defendant "removable as charged." *Id.* The Immigration Judge stated:

> I have considered the information presented to the court and the amount of relief of voluntary departure as a matter of discretion. The Respondent's positive factors aren't sufficient to outweigh his repeated violation of immigration law and abuse of voluntary departure privilege in the past. Therefore, Respondent is hereby ordered removed to Mexico based on the charge in the charging documents.

*Id.* The Immigration Judge asked "Do you want to appeal my decision?" Defendant responded "No." *Id.* The Immigration Judge asked "Do you want to wait 30 days to think about your

---

[1] Defendant was the Respondent in the immigration proceedings.

appeal?" Defendant responded "No, thank you." *Id.* at 32-33. The Immigration Judge entered an order of removal dated March 27, 2002.

On Monday July 11, 2011, Defendant was arrested several miles from the Otay Mesa Port of Entry. Defendant was transported to the Otay Mesa Port of Entry and held for two nights at the Brown Field Border Patrol Station.[2]

After his arrest, Defendant was advised of his *Miranda* rights and agreed to make a statement.

On July 12, 2011, a criminal complaint was filed in this Court by Border Patrol Agent Kara Reals stating in part that "On or about July 11, 2011, within the Southern District of California, defendant Mario CHAVEZ-Tellos, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States" without permission to reenter. (ECF No. 1). The Complaint was sworn before the United States Magistrate Judge.

On July 14, 2011, Defendant made his first appearance before the United States Magistrate Judge. Counsel was appointed and bond was set.

On July 27, 2011, the grand jury charged that the Defendant was an alien, who previously had been excluded, deported and removed from the United States, found in the United States in violation of 8 U.S.C. § 1326 (a) and (b).

## RULING OF THE COURT

1. <u>Motion to dismiss under Fed. R. Crim. P. 5</u>

Defendant asserts that the delay in his first appearance violated Rule 5 of the Federal Rules of Criminal Procedure and that the conditions of his custody prior to his first appearance constitute a violation of his due process rights. The Government asserts that Rule 5 may have been violated but that the violation was unavoidable because the Metropolitan Correctional Center has limited facilities and the Defendant could not be brought to Court without being processed through the Metropolitan Correctional Center. The Government stated that "we would like to comply, but the MCC gives us these limitations." (ECF No. 19 at 11).

---

[2] Defendant's declaration states that he was held at the Otay Mesa Port of Entry. At oral argument, counsel for Defendant stated that he was held at the Brown Field Border Patrol Station.

Rule 5 of the Federal Rules of Criminal Procedure provides in part: "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge...." Fed. R. Crim P. 5(a)(1). Rule 5 provides for "little more leeway than the interval between arrest and the ordinary administrative steps required to bring a suspect before the nearest available magistrate." *Mallory v. United States*, 354 U.S. 449, 453 (1957). Delays overnight or on weekends when a magistrate may not be available may be necessary. *See United States v. Van Poyck*, 77 F.3d 285, 289 (9th Cir. 1996). A delay caused by medical necessity may be necessary and not in violation of Rule 5(a). *See United States v. George*, 987 F.2d 1428, 1431 (9th Cir. 1993).

In this case, the Defendant was arrested on Monday July 11, 2011 and first appeared before the magistrate judge on Thursday July 14, 2011. There was no medical necessity. The courthouse was open and a magistrate judge was available throughout the period of detention. The delay violated Rule 5(a)(1). The Court will apply the "normal remedy for violation of Rule 5(a) is suppression of evidence obtained during the unreasonable delay." *United States v. Studley*, 783 F.2d 934, 937 n. 2 (9th Cir. 1986). The Government is precluded from using any statement made by the Defendant subsequent to his arrest and prior to his first appearance. The district court has exercised its supervisory powers in *United States v. Catarino Minero-Rojas*, Case No. 11CR3253-BTM (order filed on November 3, 2011) to address future violations.[3] This Court concludes that a writ of prohibition is not warranted in this case. The Court concludes that the record in this case does not demonstrate that the conditions of confinement prior to the first appearance amounted to a due process violation requiring the dismissal of the indictment.

Defendant's motion to dismiss the indictment for a violation of the Federal Rules of Criminal Procedure and the due process clause of the Fifth Amendment (ECF No. 11-1) and to issue a writ of prohibition (ECF No. 11-2) are denied.

---

[3] At the motion hearing the Court inquired of Counsel for the Government: "And with respect to the delays going forward ... I should assume it's the Government's position that the delays will continue indefinitely?" Counsel for the Government responded: "Yes." (ECF No. 19 at 16).

2. <u>Motion to dismiss for invalid deportation and to suppress statements</u>

Defendant moves to dismiss the indictment on the grounds that his 2002 deportation order is invalid. Defendant contends that the Court must dismiss the indictment against him on grounds that: 1) the IJ failed to inquire about Fourth Amendment violations during the Defendant's arrest and advise the defendant of possible remedies, and 2) the Immigration Judge failed to allow the defendant a meaningful opportunity to develop his application for voluntary departure.

The Government asserts that the only facts presented by the Defendant to the Immigration Judge showed that his arrest was a result of a valid consensual encounter. The Government asserts that the Immigration Judge considered voluntary departure and exercised the discretion to deny relief after making the required evaluation of factors.

A predicate removal order is a necessary element of a § 1326 prosecution. Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

Suppression of evidence and statements is an available remedy in a removal hearing when a Fourth Amendment violation is "egregious." *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1448 (9th Cir. 1994). The suppression of evidence does not extend to "a defendant's identity obtained as a result of an egregious constitutional violation." *United States v. Del Toro Gudino*, 376 F.3d 997, 1001 (9th Cir. 2004). In this case, the Defendant informed the Immigration Judge that he believed that he had been arrested unfairly. Defendant informed the Immigration Judge that officers arrived at his apartment complex looking for a suspect. Defendant told that Immigration Judge that the officers approached him and asked him for identification. Defendant told that Immigration Judge that he was not engaged in any illegal

1  conduct and that he believed that he was approached because of his race. The Immigration
2  Judge told the Defendant that he was at the hearing because he had no papers to be in the
3  country. The Immigration Judge asked the Defendant if he would like a continuance to see a
4  lawyer and Defendant stated that he did not. The Court concludes that there are no grounds
5  to invalidate his order of deportation. The Immigration Judge asked the Defendant more than
6  once if he wished a continuance to consult counsel. There were no facts presented to the
7  Immigration Judge to show that an egregious Fourth Amendment occurred in this case. In
8  addition, there is no evidence upon which the Immigration Judge relied which could have been
9  suppressed. *See Id.* ("[T]he simple fact of who a defendant is cannot be excluded, regardless
10 of the nature of the violation leading to his identity.")

11  The record shows that the Immigration Judge was aware of the discretion to allow
12 voluntary departure. The Immigration Judge examined the Defendant regarding factors
13 relevant to the exercise of discretion and the Immigration Judge offered to schedule a further
14 hearing. The Immigration Judge concluded that "[t]he Respondent's positive factors aren't
15 sufficient to outweigh his repeated violations of immigration laws and abuse of voluntary
16 departure privilege in the past." (ECF No. 16. at 32). Defendant waived appeal. There are no
17 grounds upon which to challenge the validity of his prior removal order.

18  For the reasons stated earlier, the motion suppress statements on the grounds of a Rule
19 5 violation is granted.

20  IT IS HEREBY ORDERED that Defendant's motion to dismiss the indictment for a
21 violation of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth
22 Amendment (ECF No. 11-1) and to issue a writ of prohibition (ECF No. 11-2) are denied.

23  IT IS FURTHER ORDERED that the motion to dismiss indictment due to an invalid
24 deportation (ECF No. 16-1) is denied and the motion to suppress statements (ECF No. 16-2)
25 is granted.

26  Dated:  11/22/11

WILLIAM Q. HAYES
United States District Judge